Filed 9/30/25  P. v. Lindmeier CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. JAMES MICHAEL LINDMEIER, Defendant and Appellant. | F089266 (Super. Ct. No. MF013498A) OPINION |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John W. Lua, Judge.

Solomon Wollack, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Detjen, J. and Fain, J.[†]

[†]    Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

On September 3, 2020, defendant James Michael Lindmeier was convicted of 12 felonies. Defendant appealed, and the First District Court of Appeal[1] affirmed the judgment but remanded the matter for resentencing. (*People v. Lindmeier* (Dec. 9, 2022, A165838) [nonpub. opn.] (*Lindmeier I*).) Defendant was resentenced, and he again appealed. (*People v. Lindmeier* (May 29, 2024, F086540) [nonpub. opn.] (*Lindmeier II*).)[2] This court found that the sentence was unauthorized and remanded the matter for resentencing. (*Ibid*.) The trial court again resentenced defendant and he again appealed.

Defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, identifying no error and asking the court to determine whether there were any arguable issues on appeal. Defendant was afforded an opportunity to submit a supplemental brief but failed to do so in the time allotted. We have conducted an independent review of the record and find no error. Accordingly, we affirm.

## PROCEDURAL HISTORY[3]

On December 2, 2019, the Kern County District Attorney filed a consolidated information charging defendant with the following counts: forcible oral copulation (Pen. Code,[4] § 287, subd. (a)(2)(A);[5] count 1); forcible rape (§ 261, subd. (a)(2); count 2); forcible victim dissuasion (§ 136.1, subd. (c)(1); count 3); infliction of corporal injury on a cohabitant (§ 273.5, subd. (a); counts 4, 6, 13); second degree robbery (§ 212.5, subd. (c); count 5); criminal threats (§ 422; counts 7, 11, 12); possession of a firearm by a

---

[1] Defendant's first appeal was transferred from the Fifth Appellate District to the First Appellate District.

[2] On June 9, 2025, this court took judicial notice of the record on appeal in *Lindmeier I*, *supra*, A165838, and *Lindmeier II*, *supra*, F086540.

[3] We do not include a summary of the facts underlying the offenses because the only issue on remand was resentencing.

[4] Undesignated statutory references are to the Penal Code.

[5] While count 1 refers to section 287, subdivision (a)(2)(A), the correct subdivision is (c)(2)(A).

felon (§ 29800, subd. (a)(1); count 8); possession of ammunition by a felon (§ 30305, subd. (a)(1); count 9); assault with a firearm (§ 245, subd. (a)(2); count 10); and battery (§ 243, subd. (a); count 14). As to count 3, the information alleged that defendant personally used a knife in the commission of the offense (§ 12022, subd. (b)(1)) and committed the offense while released on bail (§ 12022.1). As to counts 4 and 5, the information alleged that defendant committed the offenses while released on bail (§ 12022.1). As to counts 11 and 13, the information alleged that defendant personally used a firearm in the commission of the offenses (§ 12022.5, subd. (a)).

The prosecution dismissed count 14 and the trial court dismissed count 5. On September 3, 2020, the jury found defendant guilty of the lesser included offense of attempted criminal threats on count 7 and made no finding on the firearm enhancement attached to count 13.[6] It found defendant guilty on all other counts and found all other allegations true as charged.

On October 2, 2020, the trial court sentenced defendant to an aggregate term of 34 years, four months. Defendant appealed. On December 9, 2022, the First District Court of Appeal affirmed the judgment but remanded the matter for resentencing. (*Lindmeier I*, *supra*, A165838.)

Defendant was resentenced on July 11, 2023. The trial court imposed an aggregate term of 28 years. On the same day, defendant filed a notice of appeal. On appeal, our court found that the sentence was unauthorized and remanded the matter for resentencing. (*Lindmeier II*, *supra*, F086540.)

Prior to the resentencing hearing, defendant filed evidence of his rehabilitative efforts while incarcerated. He also filed a sentencing memorandum. He asked the trial court to impose the middle term on all counts and on the firearm enhancement, and to

---

**6** The firearm enhancement attached to count 13 was not submitted to the jury and was subsequently dismissed.

select count 3 as the principal term, which would result in a total sentence of 21 years, eight months (assuming the court stayed the sentences on the same counts it did previously). Alternatively, if the court decided to choose count 11 as the principal term, defendant asked that count 3 be imposed concurrently and a different count be chosen for consecutive sentencing.

On January 29, 2025, defendant was resentenced. The trial court imposed the middle term on all counts and on the firearm enhancement, but it selected count 11 as the principal term and imposed count 3 consecutively. The total term imposed was 25 years, eight months, which consisted of the following: on count 1, forcible oral copulation, the middle term of six years; on count 2, forcible rape, the middle term of six years; on count 11, criminal threats, the middle term of two years, plus an additional four years (the middle term) for personally using a firearm; on count 3, forcible victim dissuasion, the middle term of three years, plus an additional two years for committing the offense while on bail and one year for personally using a knife; on count 6, infliction of corporal injury on a cohabitant, one year (one-third the middle term); on count 12, criminal threats, eight months (one-third the middle term). The court also imposed middle terms on counts 4, 7, 8, 9, 10, and 13, but it stayed these sentences pursuant to section 654. Finally, the court awarded defendant a total of 2,114 days of custody credits.

On January 30, 2025, defendant timely filed a notice of appeal.

## DISCUSSION

As noted above, defendant's counsel filed a *Wende* brief identifying no basis for relief and asking that we review the record to determine whether there were any arguable issues on appeal. Having carefully reviewed the entire record, we conclude that there is no arguable issue on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

## DISPOSITION

The judgment is affirmed.